**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEREMY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 25 C 2628 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| ILLINOIS DEPARTMENT OF | ) |
| HEALTHCARE AND FAMILY SERVICES, | ) |
| MONIQUE CONLEY, COOK COUNTY | ) |
| CIRCUIT COURT, KAREN BOWES, | ) |
| TIMOTHY C. EVANS, JAIME BARCAS, | ) |
| HFS ADMINISTRATORS, and UNKNOWN | ) |
| PARTIES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court denies Plaintiff Jeremy Johnson's motion to reconsider and reinstate case pursuant to Federal Rule of Civil Procedure 59(e) [15]. The Court grants Plaintiff's motions for leave to file supplements to his Rule 59(e) motion [17, 19, 21, 25]. The Court denies Plaintiff's renewed motion for preliminary injunction and temporary restraining order [23]. This case remains dismissed without prejudice for lack of subject matter jurisdiction. See Statement.

## STATEMENT

Plaintiff Jeremy Johnson filed this case, complaining of the alleged violation of his constitutional rights in connection with child support collection proceedings in the Circuit Court of Cook County, Illinois. In connection with his complaint, Johnson filed an application for leave to proceed *in forma pauperis* ("IFP"). He also filed an emergency motion for a temporary restraining order and preliminary injunction. Johnson complained about the validity of his child support obligations, framing his complaint as a due process challenge. He contended that the Illinois Department of Healthcare and Family Services ("IDHFS") had illegally garnished his wages despite his challenges to the child support orders entered by the state court. He also complained that he had sought relief in the Cook County Circuit Court but had not had a hearing due to fraudulent court procedures and deliberate judicial mismanagement. He named as Defendants IDHFS, the agency that enforces child support orders in Illinois, and IDHFS administrators; Monique Conley, the petitioner in the child support matters; the Cook County Circuit Court, as well as Judge Karen Bowes, a judge in the Domestic Relations Division, Judge Timothy Evans, the Chief Judge of the Cook County Circuit Court, and Jaime Barcas, a Domestic Relations Division employee; and unknown parties.

On July 2, 2025, the Court denied Johnson's IFP application and dismissed the case without prejudice for lack of subject matter jurisdiction, instructing Johnson to file any claims he might have against Defendants in state court. Doc. 12. Johnson has since filed a number of motions and other documents, including a motion to reconsider and reinstate the case pursuant to Federal Rule of Civil Procedure 59(e), supplements to his motion to reconsider, and a renewed motion for a preliminary injunction and temporary restraining order.

In his motion to reconsider and various supplements, Johnson argues that the Court incorrectly dismissed his case without ruling on his IFP application, restricted his access to the courts, and erroneously concluded that no federal subject matter jurisdiction exists over his case. Initially, Johnson's representations that the Court improperly dismissed his case without ruling on his IFP application, should have allowed him the opportunity to pay the filing fee, and denied him access to the courts as a result are incorrect.[1] In its order, the Court denied Johnson's IFP application based on the fact that it lacks subject matter jurisdiction over Johnson's claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because the Court cannot hear a case outside its subject matter jurisdiction, Johnson cannot proceed IFP in this case and any payment of the filing fee or additional notice or time to cure would not have made a difference to the outcome of his case. *See Sills v. First Student Inc.*, No. 25-CV-785, 2026 WL 280708, at *1 (E.D. Wis. Feb. 3, 2026) ("It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants 'who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them,' a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee." (citation omitted)).

As to Johnson's challenge to the Court's substantive ruling that it lacks jurisdiction over his claims, the Court does not find a basis to reconsider this ruling. Despite Johnson's attempts to distance himself from the core of his complaint—a challenge to his child support obligations—by painting his claims as ones for an independent federal constitutional violation, he cannot avoid application of the domestic relations exception to federal jurisdiction by dressing his claims up in constitutional language. *See Camarda v. Whitehorn*, No. 24-3244, 2025 WL 1121599, at *1 (7th Cir. Apr. 16, 2025) ("[T]he [domestic relations] exception applies here, given that the relief Camarda seeks—damages for financial harm caused by the defendants' collection of child support; injunctive relief to prevent DHFS from collecting child support; and declaratory relief to prevent future enforcement of the state-court proceedings—would encroach on the state court's adjudication of family law matters."); *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015) (domestic relations exception to federal subject matter jurisdiction divested the court of jurisdiction over child support claims); *Rodriguez v. Lancaster Grant Cnty. Child Support Agency*, No. 24-cv-180, 2024 WL 3924576, at *2 (W.D. Wis. Aug. 23, 2024)(domestic relations exception to federal jurisdiction applied to claim concerning collection of child support

---

[1] To the extent Johnson complains about his failure to receive notice of the Court's judgment order, the Court's docketing system reflects that notice was sent to the email address Johnson provided to the Court.

obligations even despite plaintiff's efforts to recast it as a due process violation); *Liggins v. Ind. Child Support Bureau*, No. 3:18-CV-486, 2018 WL 4053402, at *1–2 (N.D. Ind. Aug. 24, 2018) (court did not have subject matter jurisdiction over child support claims).  Because nothing in Johnson's filings changes the fact that the Court cannot exercise jurisdiction over Johnson's claims, the Court denies Johnson's motion for reconsideration and reinstatement and denies his request for a preliminary injunction and temporary restraining order.

Date:  March 20, 2026                                   /s/  Sara L. Ellis_____

3